# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ALBERT D. THOMAS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:12CV2243 JCH |
| ) | |
| ZION LUTHERAN SCHOOL, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of jurisdiction.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

**The Complaint**

Plaintiff, a resident of the State of Missouri, brings this action pursuant to 42 U.S.C. §§ 1981, 1982, 1983, 1985, 1986 and 1988, alleging violations of his civil rights. In his more than two-hundred page, rambling complaint, plaintiff also asserts that his rights under 18 U.S.C. §§ 371, 241, 242, 1951, 1961-68 have been violated. He alleges violations of the Hatch Act, the Hobbs Act, the RICO Act and several additional state tort laws and statutes.

Named as defendants are Zion Lutheran School and the current and former principal of the school, David Kniepkamp and Rick Grove, as well as staff members Terry Marino and Cathy Rudolf. Also named as defendants are Zion Lutheran Church and Pastor Gary Byers, as well as staff member, Helen Myers. Plaintiff has alleged that his son, a minor, attends school at Zion Lutheran School.

Plaintiff complains that his son was "kidnapped" by the child's mother when he was moved from Missouri to Belleville, Illinois shortly after his birth, approximately eleven years ago. He believes the child's mother has kept his son away from him, in violation of Missouri child custody laws, and he seeks an order from this Court to mandate him access to his son. He believes that defendants have "assisted" his son's mother in keeping him away from his child. He claims that he has been told that he has been told that he cannot be on the school property. Plaintiff asserts broadly that by

keeping his son away from him defendants have injured his relationship with his son and thereby "kidnapped" him as well as violated a host of other state and federal laws. A thorough review of plaintiff's allegations in the totality reveals plaintiff's dissatisfaction with the custody rights currently in place with regard to his son.

**Discussion**

The complaint is subject to dismissal under the domestic relations exception to federal court jurisdiction. In sum, this Court lacks jurisdiction over the subject matter of this case, i.e., orders relating to child custody. See, e.g., Kahn v. Kahn, 21 F.3d 859, 861 (8th Cir.1994) ("The domestic relations exception ... divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody."); Lannan v.. Maul, 979 F.2d 627, 631 (8th Cir.1992) ("child support obligations [are] within the domestic relations exception domain"). As a result, this action is subject to dismissal under Rule 12(h)(3) of the Federal Rules of Civil Procedure.

Generally, federal courts have no jurisdiction over domestic relations matters. See Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992); In re Burrus, 136 U.S. 586, 593–94 (1890) ("The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the state and not to the laws of the United States."). Rather, state courts have exclusive jurisdiction over these matters.

Ankenbrandt, 504 U.S. at 703–04; Firestone v. Cleveland Trust Co., 654 F.2d 1212, 1215 (6th Cir.1981) ("Even when brought under the guise of a federal question action, a suit whose subject is domestic relations generally will not be entertained in federal court."). Although this domestic relations exception to federal jurisdiction does not apply to a civil action that merely has domestic relations overtones, federal courts lack jurisdiction where the action is a mere pretense and the suit is actually concerned with domestic relations issues. See, e.g., Drewes v. Ilnicki, 863 F.2d 469, 471 (6th Cir.1988).

Although plaintiff's claims are drafted such that they appear to arise under the U.S. Constitution and several state laws, they are either directly related to or so interwoven with state child custody proceedings that subject matter jurisdiction does not lie in this Court. A careful reading of plaintiff's allegations illustrates that his issues with defendants have arisen as a direct result of his assertions that the custody laws do not apply to him and that he believes that defendants are interfering with his God-given rights to see his son on his terms. What he is essentially asking the Court to do is set aside or modify the custody provisions already put in place between plaintiff and the mother of his child.

Plaintiff has given no indication that his claims cannot receive a full and fair determination in state court, and it would appear that the state courts would be better

equipped to handle the issues that have arisen in the course of plaintiff's interactions with his co-parent and defendants. See Overman v. U.S., 563 F.2d 1287, 1292 (8th Cir.1977) ("There is, and ought to be, a continuing federal policy to avoid handling domestic relations exceptions cases in federal court in the absence of important concerns of a constitutional dimension. Such cases touch state law and policy in a deep and sensitive manner and as a matter of policy and comity, these local problems should be decided in state courts.").

Moreover, the Court believes that plaintiff's claims additionally fail to state a claim upon which relief may be granted. See Iqbal, 129 S.Ct. at 1949.

The majority of plaintiff's complaints about defendants relate to their "interference" with his beliefs that he should be able to see and talk with his son when he wishes. Of course, his allegations demonstrate his frustrations in dealing with defendants. However, his conclusory allegations and assumptions as to defendants' states of mind when they did not return phone calls or sent him correspondence, assumes a motive or evil intent that he has not included factual evidence to sustain. Rather, plaintiff's allegations are nothing more than a "[t]hreadbare recital[] of a cause of action's elements" and are not entitled to an assumption of truth. Id. Because there are no non-conclusory allegations that would show that defendants acted with discriminatory or retaliatory intent with respect to plaintiff, the complaint "stops short

of the line between possibility and plausibility of 'entitlement to relief.'" Twombly, 550 U.S. at 557; Iqbal, 129 S. Ct. at 1949. Additionally, plaintiff's allegation that defendants discriminated/retaliated against him because of purposeful availment of his rights under state law is not the most plausible conclusion in light of the factual background, which illustrates a long and frustrating relationship, for both parties, relative to plaintiff's interactions with defendants. C.f. Iqbal, 129 S. Ct. at 1950, 1951-52. Lastly, plaintiff has not sufficiently alleged a conspiracy, much less invidious discriminatory animus on the part of defendants. See Brandon v. Lotter, 157 F.3d 537, 539 (8th Cir. 1998); Larson v. Miller, 76 F.3d 1446, 1454 (8th Cir. 1996). As a result, the Court finds that plaintiff's allegations fail to state a claim, were added as a mere pretext in this action and cannot afford a basis for federal question jurisdiction.

Plaintiff, as the party invoking federal jurisdiction, has the burden of persuading the Court that all of the requirements necessary to establish jurisdiction over this lawsuit have been met. He has failed to do so in this instance, and as such his case will be dismissed for lack of jurisdiction under the domestic relations exception.

Last, in light of the tone of plaintiff's filings before this Court, the Court feels compelled to point out that there is yet another ground for dismissal of the instant action - maliciousness, as noted in 28 U.S.C. § 1915. A Court may determine that an action or allegation is "malicious" by referring to objective factors such as the

circumstances and history surrounding the filing, the tone of the allegations, and whether probative facts vital to the life of the lawsuit have been alleged. Spencer, 656 F.Supp. at 463. An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. Id. at 461-63.

The general tone of the complaint demonstrates that the complaint is legally malicious. The circumstances of the instant filings and the tone of the allegations demonstrate that plaintiff is attempting to punish those persons involved with his previous interactions and processes, including his co-parent. The Court therefore finds that this action has been filed for an improper purpose, and the Court is required to dismiss this action as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #3] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the Court lacks jurisdiction over this matter.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 7th day of December, 2012.

                                           /s/ Jean C. Hamilton
                                           JEAN C. HAMILTON
                                           UNITED STATES DISTRICT JUDGE